IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED JAN 30 2018 CLERK, U.S. DISTRICT COURT RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil Action No. 3:10CR285–HEH |
| | ) |
| LARRY McCONATHA, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
### (Granting In Part And Denying In Part 28 U.S.C. § 2255 Motion)

Petitioner, proceeding with counsel, filed this 28 U.S.C. § 2255 Motion. The Government acknowledges that, in light of the Fourth Circuit's decision in *Castendet-Lewis v. Sessions*, 855 F.3d 253 (4th Cir. 2017), Petitioner no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). (ECF No. 40, at 2.) Nevertheless, the Government asserts that the Court should merely correct Petitioner's ACCA sentence and not conduct a full resentencing because Petitioner "received the same, concurrent sentence on [the] drug trafficking and possession of [a] firearm by felon counts in light of him qualifying as a Career Offender and an Armed Career Criminal . . . ." (*Id.* at 2–3.) For the reasons set forth below, the Court agrees with the Government's position.

### I. *Johnson v. United States*

In *Johnson v. United States*, the Supreme Court described the impact of the Armed Career Criminal Act ("ACCA") on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess,

and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. 2551, 2555 (2015) (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

## II. Factual and Procedural Background

Petitioner pled guilty to possession with intent to distribute five grams or more of cocaine base (Count One) and possession of a firearm and ammunition by a convicted felon (Count Three). (ECF No. 14, at 1.) In light of his prior convictions for violent felonies or serious drug offenses, Petitioner qualified for a sentence enhancement as a career offender under § 4B1.1(b) of the Sentencing Guidelines ("USSG"). (Presentence Investigative Report ("PSR") ¶ 29.)[1] Additionally, Petitioner qualified for an enhanced

---

[1] This enhancement was based upon the fact that, "[o]n November 22, 2004, the defendant was convicted of Felony Statutory Burglary of a Dwelling with Intent. On August 14, 2006, the defendant was convicted of Felony Possess Cocaine With Intent to Distribute." (PSR ¶ 29.) Petitioner notes that he "had three convictions for statutory burglary that were part of the

2

statutory sentence under the ACCA. (*Id.* at 1.)[2] Both Sentencing Guidelines enhancements resulted in an Offense Level of 31 and a Criminal History of Category VI, resulting in an advisory guideline range of 188–235 months. (*Id.* ¶ 29, Worksheet D, at 1.) At sentencing, the Court denied Petitioner's request for a variant sentence and sentenced Petitioner to 188 months of imprisonment. (ECF No. 41, at 9.)

In his § 2255 Motion, Petitioner contends: "In light of *Johnson*, Mr. McConatha's prior convictions for statutory burglary do not qualify as 'violent felonies' or 'crimes of violence' under the force clauses or the enumerated offense clauses under ACCA and U.S.S.G. § 4B1.2." (ECF No. 27, at 4 (emphasis omitted).)

### III. Analysis

#### A. Petitioner's Challenge to His Career Offender Designation

The aspect of Petitioner's claim that challenges his career offender designation based on *Johnson* lacks merit. "[T]he Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause.... *Johnson's* vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citing *Beckles v. United States*, 137 S. Ct. 886, 892 (2017)). Accordingly, this aspect of Petitioner's claim will be dismissed.

---

same case and shared a common arrest date and sentencing date, but were committed on occasions different from another, thus constituting a single predicate for the career offender enhancement but three predicates for the ACCA enhancement." (ECF No. 27, at 2 (citations omitted).)

[2] Petitioner also qualified for a sentence enhancement as an armed career criminal under USSG § 4B1.4 because of these prior felonies. (PSR ¶ 29.)

### B. Petitioner Is Entitled to Relief on His Enhanced ACCA Sentence

Since the filing of Petitioner's 28 U.S.C. § 2255 Motion, the United States Court of Appeals for the Fourth Circuit has concluded that the Virginia offense of statutory burglary does not qualify as a predicate offense for imposing an enhanced ACCA sentence. *See United States v. Hadsell*, 692 F. App'x 161, 161 (4th Cir. 2017) (citing *Castendet-Lewis v. Sessions*, 855 F.3d 253, 261–64 (4th Cir. 2017)). The Government acknowledges that in the wake of *Castendet-Lewis*, Petitioner's burglary convictions no longer qualify as predicates for an enhanced ACCA sentence. (ECF No. 40, at 2.) Petitioner contends the Court should conduct a formal resentencing. (ECF No. 42, at 2.) The Government asserts that the Court should merely correct Petitioner's sentence on Count Three. (*See* ECF No. 40, at 3.)

### C. The Proper Form of Relief

As pertinent here, the Fourth Circuit has observed that:

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence ... and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed **by (a) a resentencing or (b) a corrected sentence**.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (emphasis added) (footnote omitted) (citing 28 U.S.C. § 2255). Citing *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997), Petitioner contends that the Fourth Circuit has expressed that resentencing is the preferred method for remedying an unlawful sentence. (ECF No. 42, at 2 (citation omitted).) Petitioner is wrong. In *Hillary*, the Fourth Circuit was not

4

addressing the better method for correcting an unlawful sentence—rather it addressed whether the district court had the authority to conduct a resentencing on an unchallenged drug court, where the § 2255 movant had successfully vacated his conviction on another count for use and carry of firearm in conjunction with a drug trafficking offense. *Id.* at 1171. In this context, the Fourth Circuit observed that § 2255

> confers a "broad and flexible" power to the district courts "to fashion an appropriate remedy." *Certainly the most "appropriate" remedy is to put § 2255 defendants in the same boat as direct appellants, i.e. to permit resentencing.* The question, though, is whether the district court's collateral-review jurisdiction extends that far.

*Id.* at 1171–72 (internal citations omitted) (emphasis added).

Contrary to Petitioner's suggestion, the Fourth Circuit has rejected the notion that the foregoing highlighted language indicated a preference for a full resentencing following a successful a § 2255 motion. In *Hadden*, the petitioner argued "that [the] decision in *Hillary* compel[led] [the Fourth Circuit] to conclude that the district court erred in failing to conduct such a resentencing." 475 F.3d at 668. The Fourth Circuit concluded that, "*Hillary* does not help Hadden. *Hillary* held only that the district court is *authorized* to conduct a resentencing in awarding relief pursuant to § 2255, not that the district court is *required*, in resolving every § 2255 petition, to conduct a resentencing." *Id.*

Under the present circumstances, correcting Petitioner's sentence on Count Three, without conducting a full resentencing, is the appropriate remedy. *See United States v. Davis*, No. 17–4011, 2017 WL 3867817, at *1–2 (4th Cir. Sept. 5, 2017) (imposing a

corrected sentence under similar circumstances). Under 18 U.S.C. § 924(a)(2), the maximum penalty for a conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) without an ACCA enhancement is ten years (120 months). 18 U.S.C. § 924(a)(2). A conviction for which a ten-year sentence is imposed is classified as a Class C Felony, 18 U.S.C. § 3559(a)(3), and a Class C Felony carries a maximum of three years of supervised release. 18 U.S.C. § 3583(b). Accordingly, Petitioner's sentence on Count Three will be reduced to one hundred and twenty (120) months of imprisonment and three (3) years of supervised release. This remedy meets "the goal of § 2255 review" by placing Petitioner "in exactly the *same* position he would have been had there been no error in the first instance." *Davis*, 2017 WL 3867817, at *2 (quoting *Hadden*, 475 F.3d at 665).

## IV. Conclusion

The § 2255 Motion (ECF No. 27) will be granted in part and denied in part. Petitioner's request for a resentencing will be denied. Petitioner's sentence on Count Three will be reduced to one hundred and twenty (120) months of imprisonment and three (3) years of supervised release. The Government's Motion to Dismiss (ECF No. 33) will be denied as moot. The Court will deny a certificate of appealability.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 30, 2018
Richmond, Virginia